**In re JOE AND L., INC., d/b/a Restaurant 22, Debtor.**

**Herman J. GETZOFF, General Partner of Attlebrook Properties, Plaintiff,**

**v.**

**JOE AND L., INC., d/b/a Restaurant 22, Defendant.**

**Bankruptcy No. 80–00990–HL.**

**Adv. No. A80–0444.**

United States Bankruptcy Court, D. Massachusetts.

Sept. 9, 1980.

Mitchell Cohen, Lappin, Rosen, Goldberg, Slavet, Levenson & Wekstein, Boston, Mass., for plaintiff.

Herbert C. Kahn, Boston, Mass., for defendant/debtor.

### MEMORANDUM RE. LEASEHOLD TERMINATION

HAROLD LAVIEN, Bankruptcy Judge.

Attlebrook Properties, a limited partnership, the owner of Longwood Towers in Brookline, Massachusetts, hereinafter referred to as "the Landlord", leased its main restaurant facilities to the debtor under a lease dated August 31, 1977, as amended May 18, 1979. There has been a history of disputes over assignments of the lease, rent, and repairs, resulting in state court litigation now removed to this court, as well as a complaint by the Landlord to be relieved of the stay. As a result of a preliminary hearing, it was determined that, initially, a hearing would be held on the present existence of the lease. A stipulation of facts

and briefs were filed and arguments took place on August 29, 1980.

The facts as stipulated and as I so find, are as follows:

The debtor has paid no rent for March, 1980 or any time since. The restaurant is not presently being operated. By letter dated April 29, 1980, served May 2, 1980, the Landlord served a 14-day notice to quit"... In accordance with G.L. Ch. 186, § 11 on account of your neglect or refusal to pay the rent due for such premises for the month of March, 1980."

By writ dated May 16, 1980, served on May 17, 1980, the Landlord brought a Summary Process Complaint in the Brookline Municipal Court. Answer would be due on May 24; however, a Motion to Dismiss was filed on May 23rd and the case was subsequently removed and consolidated with a previous action in the Norfolk Superior Court. These actions have now been removed to this court and have been set for trial at 2:00 P.M. on September 23, 1980, along with any remaining issues on the Landlord's complaint to be relieved of the stay including adequate protection.

On June 17, 1980, this Chapter 11 was filed.

The Landlord contends that the lease was terminated prior to the filing of the Chapter 11 and, therefore, there is nothing for this court to act on. If, in fact, the lease terminated prior to filing, there is nothing for the debtor to assume and assign which is, apparently, the debtor's intention. *Good Hope Refineries, Inc. v. Benavides, et al.,* 602 F.2d 998 (1st Cir. 1979) cert. denied, 444 U.S. 992, 100 S.Ct. 523, 62 L.Ed.2d 421.

The debtor insists that while that may be good law, it is inapplicable since, under state law, the lease has not yet terminated and, therefore, under 11 U.S.C. 365(b)(1)(A) it may cure the default and assume the lease.

The Landlord had two alternatives in terminating the lease for nonpayment of rent. It could have (assuming without deciding that the lease provision was not contra to a public policy provision contained in Mass.

G.L. Ch. 186, § 11) in accordance with paragraph 12(i) of the lease given first a 14-day notice of default with an opportunity during that time for the debtor to cure the default. Then, if the default was not cured, give a notice of termination effective not less than two days thereafter. A two step process is clearly contemplated. Notice of actual termination is not appropriate until after failure to comply with the notice of default.

This procedure was not followed by the Landlord. The single notice itself not only makes no attempt, even if such attempt were possible, to incorporate both steps in a single notice, but it specifically describes itself as a notice under Mass.Gen.Laws, Ch. 186, § 11 and makes no mention of paragraph 12(i) of the lease. No attempt is made to give a date for termination "... no less than two (2) days after the giving of such notice on which this lease shall terminate."

Paragraph 12(i) of the lease provides that if

Tenant shall default in the due and punctual payment of rent ... and such default shall continue for fourteen (14) days after written notice to Tenant from Landlord, ... then in such case Landlord may terminate this lease by notice to Tenant, specifying a date no less than two (2) days after the giving of such notice on which this lease shall terminate ... and Tenant will then quit and surrender the Demised Premises.

The Landlord did not give the appropriate notices to terminate the lease under paragraph 12(i) of lease but rather chose to proceed under Mass.G.L. Ch. 186, § 11, which provides in relevant part:

"Upon the neglect or refusal to pay the rent due under a written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, on or before the day the answer is due, in an action by the landlord to recover possession of the premises, pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit."

 The Landlord proceeded properly under M.G.L. Ch. 186, § 11 with a 14-day notice served on May 2d, 1980, and a writ and summons served on May 17th, 1980. The debtor's technical objections are without merit and, in any event, are raised too late and in the wrong forum. This type of procedural objection should have been included in the debtor's Motion to Dismiss. *Mass. Rules of Civil Procedure* 12(b), (g) and (h)(1).

 Once invoking the remedial statute, the Landlord becomes subject to all of its terms, one of which gives the tenant the right to cure the default prior to the time to answer. The answer would normally be due on May 24, 1980. On May 23rd, the debtor filed a Motion to Dismiss and, under Rule 12 of the *Mass. Rules of Civil Practice*, an answer is not due until 10 days after the disposal of that motion. The Motion to Dismiss has not yet been acted upon and, therefore, the time to answer has not yet arrived.

The Landlord argues in his reply memorandum that the Motion to Dismiss was not appropriate in a Summary Process Action. That defense was neither raised in the state court prior to the filing of the Chapter 11 on June 17, 1980 nor by any pleading since in either the state court nor in this court; however, this court will promptly set that motion for hearing. The Landlord further argues for an overly restrictive reading of both this remedial statute and the lease provision, citing *Robertson v. Langdon*, 72 F.2d 148 (7th Cir. 1934) and *Schokbeton Industries, Inc. v. Schokbeton Products Corp.*, 466 F.2d 171 (5th Cir. 1971). Neither of these cases deal with either the same statute or factual situation. In both cases, it was the trustee's attempt to avoid an existing termination on a contention that the filing in bankruptcy tolled the contractual termination provisions. In the case at hand, it is not bankruptcy law, but state statutory law, and the very contractual provisions that are relied upon by the debtor.

It might also be noted in passing that this circuit has stated, "Moreover, we think the Schokbeton court's holding a bit overbroad." *Good Hope Refineries, Inc. v. Benavides*, 602 F.2d 998 (1st Cir. 1979) cert. denied, 444 U.S. 992, 100 S.Ct. 523, 62 L.Ed.2d 421.

 As to G.L. Ch. 186, § 11, it is a well accepted maxim of statutory interpretations that remedial statutes are to be liberally construed to effect their purpose. Here, the tenant has until the time to answer to cure the default [1] and maintain its tenancy. The time to answer has not yet arrived and, therefore, the tenant's rights have not terminated under state law.

 The Landlord, neither under 11 U.S.C. 362, nor 365, nor any other provision, can be required to be an involuntary financeer of the debtor's Chapter 11 hopes. Therefore, pending the hearing on September 23rd, the debtor will be required, as a condition for continuing the stay, to pay on or before September 15th the base rent of $800.00 per month from the time of filing, June 17th to September 17th, 1980.

---

1. If the Court rules against the Motion to Dismiss, the debtor would have 10 days to answer and, presumably, that would be the time within which it would have to avoid termination regardless of the Chapter 11. *Good Hope Refineries*, supra.